UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

THE FEDERAL SAVINGS BANK,

                          Plaintiff,

               – against –

WENDY LOUIS; IMANITE CHERRY;
JOSHUA LOUIS; SECRETARY OF HOUSING
AND URBAN DEVELOPMENT; NEW YORK
CITY ENVIRONMENTAL CONTROL
BOARD; NEW YORK CITY PARKING
VIOLATIONS BUREAU; NEW YORK CITY
TRANSIT ADJUDICATION BUREAU;
HELEN AHDOOT; LISA AHDOOT;
PROPERTY OCCUPANT, "JOHN DOE #2"
through "JOHN DOE #12," the last eleven
names being fictitious and unknown to plaintiff,
the persons or parties intended being the tenants,
occupants, persons or corporations, if any,
having or claiming an interest in or lien upon the
premises, described in the complaint,

                          Defendants.

---------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

24-CV-7950 (AMD) (SDE)

**ANN M. DONNELLY**, United States District Judge:

In this action, the plaintiff seeks to foreclose its mortgage on a property mortgaged by

defendants Wendy Louis, Imanite Cherry, and Joshua Louis (together, the "mortgage

defendants"), pursuant to the New York Real Property Actions and Proceedings Law

("RPAPL").  (ECF No. 1.)  On March 27, 2025, the plaintiff moved for a default judgment of

foreclosure against the mortgage defendants and the defendants New York City Environmental

Control Board, New York City Parking Violations Bureau, New York City Transit Adjudication

Bureau, and Property Occupant; for summary judgment granting a judgment of foreclosure

against the defendant Secretary of Housing and Urban Development; and for an order appointing a referee to sell the property.  (ECF No. 24.)  The plaintiff also moved to discontinue the case against the defendants Helen Ahdoot, Lisa Ahdoot, and John Does #2-12, and to amend the caption of the case accordingly.  (*Id.*)

On May 15, 2025, Magistrate Judge Lois Bloom issued a report and recommendation in which she recommended that the Court deny the plaintiff's motions for default judgment and summary judgment and request for a referee, and grant the plaintiff's motion to discontinue the case against the defendants Helen Ahdoot, Lisa Ahdoot, and John Does #2-12 and amend the caption.  (ECF No. 26.)  The plaintiff filed objections to the report and recommendation on May 28, 2025.  (ECF No. 28.)  For the following reasons, the Court adopts the report and recommendation and denies the plaintiffs' motion for default judgment, denies the plaintiff's motion for summary judgment, denies the plaintiff's request to appoint a referee, and grants the plaintiff's motion to dismiss its second cause of action against the defendants Helen Ahdoot, Lisa Ahdoot, and John Does #2-12 and to amend the caption accordingly.

## BACKGROUND

The plaintiff filed the complaint on November 15, 2024 against the mortgage defendants, Secretary of Housing and Urban Development, New York City Environmental Control Board, New York City Parking Violations Bureau, New York City Transit Adjudication Bureau, Helen Ahdoot, Lisa Ahdoot, and John Does #1–12.  (ECF No. 1.)[1]  After the plaintiff learned that there

---

[1] The complaint named the Secretary of Housing and Urban Development as a defendant because it held a subordinate mortgage; New York City Environmental Control Board, New York City Parking Violations Bureau, New York City Transit Adjudication Bureau as defendants "by virtue of lien(s) docketed in the County Clerk's Office;" Helen Ahdoot and Lisa Ahdoot as defendants because they held senior mortgages; and twelve John Doe defendants described as "persons, parties, corporations or other entities, if any who are presently unknown to Plaintiff, holding or claiming to hold certain leaseholds, tenancies, sub-tenancies, possessory or other interests, including partnership interests, in and to any judgment or liens upon the [property]."  (ECF No. 1 ¶¶ 6–12.)

were people occupying the property, it moved to amend the caption of the case to replace John Doe #1 with "Property Occupant." (ECF No. 16.) The Court granted the plaintiff's motion to amend the caption on December 20, 2024 and directed the Clerk of Court to issue an updated summons. (*ECF Order dated Dec. 20, 2024*.)

The defendant Secretary of Housing and Urban Development answered the complaint on January 21, 2025. (ECF No. 20.) No other defendants have appeared. On February 26, 2025, the plaintiff requested a certificate of default against the mortgage defendants and New York City Environmental Control Board, New York City Parking Violations Bureau, New York City Transit Adjudication Bureau, Helen Ahdoot, Lisa Ahdoot, and Property Occupant (ECF No. 22), which the Clerk of Court entered on February 28, 2025 (ECF No. 23). On March 27, 2025, the plaintiff moved for a default judgment of foreclosure against the mortgage defendants, New York City Environmental Control Board, New York City Parking Violations Bureau, New York City Transit Adjudication Bureau, and Property Occupant; for summary judgment against the Secretary of Housing and Urban Development; for an order appointing a referee to sell the subject property; and to discontinue the action against Helen Ahdoot, Lisa Ahdoot and John Does #2-12 and amend the caption accordingly. (ECF No. 24.)

In a May 15, 2025 report and recommendation, Judge Bloom recommended that the Court deny the plaintiff's motions for default judgment, summary judgment, and for an order appointing a referee, and grant the plaintiff's motion to discontinue the case against defendants Helen Ahdoot, Lisa Ahdoot and John Does #2-12 and amend the case caption. (ECF No. 26.) The plaintiff filed objections to the report and recommendation on May 28, 2025. (ECF No. 28.)

3

**LEGAL STANDARD**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A party may object to a magistrate judge's report and recommendation within 14 days. Fed. R. Civ. P. 72(b)(2). Objections are reviewed *de novo* when they are "specific and clearly aimed at particular findings in the magistrate judge's proposal." *Green v. Dep't of Educ. of City of N.Y.*, No. 18-CV-10817, 2020 WL 5814187, at *2 (S.D.N.Y. Sept. 30, 2020) (quoting *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009)). If a party "makes only conclusory or general objections, or simply reiterates [their] original arguments, the Court reviews the Report and Recommendation only for clear error." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting *Barratt v. Joie*, No. 96-CV-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)). The Court "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3).

"[E]ven in a de novo review of a party's specific objections, [however,] the court will not consider 'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.'" *Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (alterations omitted) (quoting *Kennedy v. Adamo*, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)). Moreover, "[t]he district court is 'permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous.'" *Sasmor v. Powell*, No. 11-CV-4645, 2015 WL 5458020, at *2 (E.D.N.Y. Sept. 17, 2015) (quoting *Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995)).

**DISCUSSION**

## I.      Compliance with C.P.L.R. § 3012-b

Judge Bloom recommends that the Court deny the plaintiff's motion for default

judgement and summary judgment because the plaintiff did not comply with N.Y. C.P.L.R. §

3012-b(a).  (ECF No. 26 at 5.)  C.P.L.R. § 3012-b(a) requires a plaintiff seeking foreclosure on a

residential home to attach to the complaint a certificate of merit "signed by the attorney for the

plaintiff, certifying that the attorney has reviewed the facts of the case and that . . . to the best of

such attorney's knowledge, information and belief there is a reasonable basis for the

commencement of such action and that the plaintiff is currently the creditor entitled to enforce

rights under such documents."  C.P.L.R. § 3012-b(a).

The plaintiff does not dispute that it did not include a certificate of merit with the

complaint.  (*See* ECF No. 28 at 12.)  Instead, the plaintiff objects that "CPLR 3012-b is state

procedural law, and not a substantive statute," and therefore is "not applicable to actions brought

in federal court."  (*Id.*)[2]  The plaintiff's argument is not persuasive.  As Judge Edward Korman

recently observed in citing Judge Bloom's opinion, "[c]ourts have denied motions for default

judgment in federal court where the plaintiff failed to show compliance with CPLR § 3012-b(a)."

*Deutsche Bank Nat'l Tr. Co. as Tr. for GSAA Home Equity Tr. 2007-5, Asset-Backed*

*Certificates, Series 2007-5 v. Shewtahal*, No. 24-CV-7892, 2025 WL 2402824, at *5 (E.D.N.Y.

Aug. 19, 2025).

---

[2] The plaintiff also objects that compliance with C.P.L.R. § 3012-b — and with RPAPL §§ 1304 and 1320 — is an affirmative defense that the Court may not raise *sua sponte*.  (ECF No. 28 at 10–11.)  The Court addresses this argument in its discussion of the plaintiff's objections concerning RPAPL §§ 1304 and 1320 below.

Equally unconvincing is the plaintiff's claim that even if CPLR 3012-b applies, "there is no basis for any relief since the required loan documents were produced with the complaint." (ECF No. 28 at 12). But there is "no indication that an attorney reviewed the facts of the case or that, based on consultation with representatives of [the plaintiff], an attorney determined that there is a reasonable basis for the commencement of this action." *Windward Bora LLC v. Ingber*, No. 21-CV-3308, 2022 WL 2467664, at *3 (E.D.N.Y. Apr. 28, 2022), *report and recommendation adopted* (June 21, 2022).

Accordingly, the plaintiff's objections on this basis are denied.

## II.    Compliance with RPAPL §§ 1304, 1320

Judge Bloom also recommends that the Court deny the plaintiff's motion because the plaintiff did not comply with sections 1304 and 1320 of RPAPL. (ECF No. 26 at 6–8.) RPAPL § 1304 requires a "lender, assignee or mortgage loan servicer" to provide a notice to the borrower containing specified information at least ninety days before bringing a legal action against them. RPAPL § 1304(1). This notice must be sent "to the last known address of the borrower, and to the residence that is the subject of the mortgage." *Id.* § 1304(2). Proper service under § 1304 is a "condition precedent to commencing a foreclosure proceeding." *Id.* § 1304(3). "In an action to foreclose a mortgage on a residential property containing not more than three units," RPAPL § 1320 also requires a "[s]pecial summons." RPAPL § 1320.

The plaintiff does not dispute that it did not comply with sections 1304 and 1320 of RPAPL. Instead, the plaintiff claims that Judge Bloom should not have "raised sua sponte Plaintiff's compliance," because failure to comply with these provisions — and with C.P.L.R. § 3012-b(a) — is "not jurisdictional" and "must be raised as affirmative defenses in an answer, and with respect to defendants in default can only be raised upon a default being vacated." (ECF No. 28 at 9–11.) However, courts in this district routinely examine compliance with RPAPL

6

Sections 1304 and 1320 when deciding motions for default judgment. *See Freedom Mortg. Corp. v. Abass*, No. 22-CV-5577, 2024 WL 1531096, at *3 (E.D.N.Y. Feb. 22, 2024) (noting that "district courts in this Circuit regularly examine whether a plaintiff has complied with RPAPL § 1304, even on a default judgment motion" and collecting cases); *Green Mountain Holdings (Cayman) Ltd. v. 501 Lafayette Ave LLC*, No. 21-CV-5844, 2023 WL 6594003, at *7 (E.D.N.Y. Aug. 18, 2023) (assessing compliance with RPAPL § 1320 on motion for default judgment and collecting cases), *report and recommendation adopted sub nom. Green Mountain Holdings (Cayman) LTD v. 501 Lafayette Ave LLC*, No. 21-CV-5844, 2023 WL 5993166 (E.D.N.Y. Sept. 15, 2023).

It is true some courts in this district, primarily in the context of RPAPL § 1304, have adopted the holdings of intermediate New York state courts, which have held that plaintiffs are not required to demonstrate compliance with RPAPL § 1304 to obtain a default judgment because failure to comply with RPAPL § 1304 is not a jurisdictional defect and must be raised as a defense by the defendant. *See, e.g.*, *HSBC Bank USA v. Thorne*, 189 A.D.3d 1193, 1195 (2nd Dep't 2020); *Chase Home Fin., LLC v. Guido*, 189 A.D.3d 1339, 1340 (2nd Dep't 2020).[3] Courts in this district have agreed that "failure to establish compliance with Section 1304 does not preclude the entry of default judgment." *Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Rhodie as Co-Tr. of Lornice Rhodie Revocable Living Tr.*, No. 21-CV-3165, 2022 WL 3213048, at *4 (E.D.N.Y. Aug. 9, 2022); *see also U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-CTT v. Kozikowski*, No. 19-CV-783, 2022 WL 4596753, at *6 (E.D.N.Y. Sept. 30, 2022) ("[B]ecause

---

[3] The New York Court of Appeals has not addressed this issue. *See Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Richmond Cnty. Pub. Adm'r*, 768 F. Supp. 3d 488, 494 n.4 (E.D.N.Y. 2025) (noting that the New York Court of Appeals has not addressed whether § 1304 is properly considered on a motion for default judgment).

the failure to comply with RPAPL § 1304 is a non-jurisdictional defect, 'Plaintiff's failure to establish compliance with [RPAPL §] 1304 does not preclude the entry of default judgment.'" (quoting *Rhodie*, 2022 WL 3213048, at *4)).

Other courts have rejected the argument that RPAPL's statutory notice requirements are non-jurisdictional and only operate as affirmative defenses, reasoning that federal courts deciding whether to grant a motion for default judgment "must consider whether default would be a 'harsh or unfair result,' and whether the defendant has a 'meritorious defense' that would warrant vacatur upon a Rule 55(c) motion." *Freedom Mortg. Corp. v. Bullock*, No. 19-CV-664, 2022 WL 4445399, at *4 (E.D.N.Y. Sept. 23, 2022) (internal citation omitted) (first quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); and then quoting *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001)); *see also Freedom Mortg. Corp. v. Meurer*, No. 19-CV-1497, 2023 WL 6358041, at *4 (E.D.N.Y. Sept. 29, 2023) (following *Bullock* and "the path of other courts in this circuit by *sua sponte* considering RPAPL § 1304 compliance," and denying motion for default judgment); *Freedom Mortg. Corp. v. Cadet*, No. 19-CV-3158, 2023 WL 6358070, at *4–6 (E.D.N.Y. Sept. 29, 2023) (concluding that Appellate Division cases holding that a court cannot "raise nonjurisdictional [sic] defenses *sua sponte*" were not binding "because [the cases] are based on state-law procedures, which do not apply in this case," and that the federal court "must follow the federal procedures set forth in Rule 55 of the Federal Rules of Civil Procedure," which "gives federal courts the latitude to consider nonjurisdictional [sic] defenses, even if they have not been raised by the defendant.")

The Court is persuaded by this reasoning and agrees with Judge Bloom that the plaintiff's failure to comply with RPAPL §§ 1304 and 1320 — and with C.P.L.R. § 3012-b — justified

8

denying the plaintiff's motion for default judgment.  Accordingly, the plaintiff's objections on this ground are denied.[4]

### III.    Motion for Summary Judgment

The plaintiff objects to Judge Bloom's recommendation that the Court deny the motion for summary judgment against the Secretary of Housing and Urban Development, because "[t]he Answer submitted by HUD contained no denial as to any of the allegations in Plaintiff's complaint, or otherwise contained any affirmative defenses," and that "[w]hile the Answer by HUD was denominated as an answer in form, in substance it amounts to a notice of appearance and a demand for surplus monies." (ECF No. 28 at 13–14.)  This is the same argument the plaintiff made to Judge Bloom.  (*See* ECF No. 24-3 at 4 ("Defendant's Answer, which is in effect a notice of appearance, does not assert any denials as to any allegations with Plaintiff's complaint.").)  "[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate's recommendations." *Vega v. Artuz*, No. 97-CV-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002); *see also Hall v. Herbert*, No. 02-CV-2299, 2004 WL 287115, at *1 (S.D.N.Y. Feb. 11, 2004) ("[T]o the extent that a party

---

[4] The plaintiff also argues that in a federal case, "the content of summonses is governed by [Federal Rule of Civil Procedure] 4(a)," and that because the Clerk's Office has "approved template summonses" and each district court has "its own particular rules," "any deviation from the approved template, or the clerk's requirements, results in the proposed summons being rejected," so including the language required by RPAPL § 1320 "is from a practical perspective unworkable." (ECF No. 28 at 12–13.) However, "courts routinely find that a plaintiff complies with § 1320 by serving the notice along with the summons and complaint," rather than including the statutory language on the summons form itself. *Windward Bora, LLC v. Sotomayor*, No. 21-CV-7161, 2023 WL 2575582, at *6 (S.D.N.Y. Mar. 20, 2023) (collecting cases), *aff'd*, 113 F.4th 236 (2d Cir. 2024).  Therefore, to the extent the plaintiff objects to Judge Bloom's recommendation on the grounds that compliance with RPAPL § 1320 is impracticable in federal court, this objection is denied.

simply reiterates his original arguments, the Court reviews the report and recommendation only for clear error.").

Accordingly, the Court reviews Judge Bloom's recommendation about the plaintiff's motion for summary judgment for clear error and finds none. Judge Bloom did not address the plaintiff's request for summary judgment because she recommended denying the plaintiff's motion for a default judgment based on its failure to comply with statutory requirements. (ECF No. 26 at 3 n.4.) The Court agrees with that conclusion, which was not clearly erroneous.

## IV.    Non-Mortgagor Defendants and Referee

The plaintiff concedes that Judge Bloom "was correct in concluding that the record did not contain any evidence, or specific allegations in the complaint, that disclosed that [defendants New York City Environmental Control Board, New York City Parking Violations Bureau and New York City Transit Adjudication Bureau] had an interest in the Property to warrant their joinder in accordance with RPAPL [§] 1311." (ECF No. 28 at 14.) However, it disagrees with Judge Bloom's recommendation that the Court should dismiss the plaintiff's claims against those defendants without prejudice. Instead, it argues, without citing any case law, that the Court should "provide Plaintiff a date certain for Plaintiff to produce documentary evidence of the [defendants'] interest in the Property." (*Id.* at 14.) If the plaintiff produces "sufficient documentary proof . . . to justify their joinder[,] then a default judgment should likewise issue" against the New York City Environmental Control Board, New York City Parking Violations Bureau and New York City Transit Adjudication Bureau. (*Id.* at 14–15.) The plaintiff asks the Court to take this approach "should the Court agree to reverse portions of the Report that denied a default judgment against Mortgagors and summary judgment against HUD" out of concern for "[j]udicial economy." (*Id.* at 15.)

10

The plaintiff also argues that if the Court decides to adopt this proposal, and to "reverse" Judge Bloom's recommendation to deny the plaintiff's motions for default judgment and summary judgment, the Court should grant the plaintiff's request to appoint a referee to sell the property. (*Id.* at 15.) As discussed above, the Court agrees with Judge Bloom's recommendation to deny both motions. Therefore, the Court denies the plaintiff's request to appoint a referee, as well as its objection to Judge Bloom's recommendation that the Court dismiss the claims against the New York City Environmental Control Board, New York City Parking Violations Bureau and New York City Transit Adjudication Bureau without prejudice.

## V.    Amending Caption and Dismissing Defendants

The plaintiff does not object to Judge Bloom's recommendation that the Court grant the plaintiff's motion to dismiss defendants John Does #2-12, Helen Ahdoot, and Lisa Ahdoot, and to amend the case caption accordingly. The Court has reviewed this portion of Judge Bloom's report and recommendation for clear error and finds none.

11

**CONCLUSION**

For these reasons, the Court adopts Judge Bloom's thorough and well-reasoned report and recommendation.  The plaintiff's motion for default judgment is denied, the plaintiff's motion for summary judgment is denied, and the plaintiff's request to appoint a referee to sell the subject property is denied.  The plaintiff's motion to amend the caption is granted, and the plaintiff's motion to dismiss voluntarily its second cause of action against defendants Helen Ahdoot and Lisa Ahdoot is granted.  The Clerk of Court is respectfully directed to amend the caption of the case to terminate defendants John Does #2-12, Helen Ahdoot, and Lisa Ahdoot.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       February 17, 2026